IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 1:20-cr-00005-GHD-DAS

RICARDO MOSLEY                                                                          DEFENDANT

ORDER

On January 15, 2020, the Defendant was indicted in a single-count indictment for unlawful possession of a firearm by a previously-convicted felon [1]. The Court subsequently entered a Notice setting this matter for trial on August 10, 2020 [18]. The Defendant has now signed a plea agreement, and has submitted to the Court a signed consent form indicating his consent to proceed with a change of plea hearing via videoconference [20].

The World Health Organization, along with the Centers for Disease Control and Prevention, has declared a global pandemic related to the spread of the COVID-19 virus, commonly known as the "coronavirus."[1] On March 27, 2020, Congress passed, and the President of the United States signed, the CARES Act in response to the COVID-19 pandemic. On March 29, 2020, the Judicial Conference of the United States found that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) materially affect the functioning of the courts of the United States."[2] Additionally, on April 1, 2020, the Governor of the State of Mississippi entered an executive order directing the public state-wide to "shelter-in-

---

[1]   *See Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1167 n.10 (E.D. Cal. 2019) (taking judicial notice of World Health Organization's List of Essential Medicines); *Webb v. Jessamine Cty. Fiscal Ct.*, 802 F. Supp. 2d 870, 878 n.3 (E.D. Ky. 2011) (taking judicial notice of data collected by World Health Organization).

[2]   *See* Director's Memo from James C. Duff to All United States Judges (March 29, 2020).

place" and avoid gatherings of more than ten people and to limit face to face contact when possible; while certain restrictions have now been lifted, COVID-19 remains an active threat in Mississippi.[3]

In the CARES Act, Congress authorized federal courts to utilize video and telephone conferencing in connection with certain criminal proceedings, including change of plea hearings, so long as the defendant consents to participate in the proceedings via video teleconference and the Court makes certain findings. Specifically, Congress authorized the use of video teleconferencing for criminal hearings if the Court finds that the proceedings "cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice[.]"

On April 2, 2020, the Chief Judge of this District entered a Standing Order (*see* Case No. 3:20-MC-9, Standing Order [3]) specifically finding that criminal hearings cannot be conducted in person anywhere in the District without seriously jeopardizing public health and safety and authorizing "the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002 of the [CARES Act]," and specifying that Judges in this district may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, to conduct criminal proceedings.[4]

The Court hereby specifically finds that the change of plea hearing in this matter cannot be conducted in person without seriously jeopardizing public health and safety. As noted above, the

---

[3] https://www.sos.ms.gov/Education-Publications/ExecutiveOrders/1466.pdf; see *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of factual information on state website).

[4] Case No. 3:20-MC-9 [3].

2

Court has considered the declarations from the World Health Organization, the Centers for Disease Control, and, the recommendations from Mississippi Department of Health. Taken as a whole, these actions by various agencies, states, and municipalities illustrate the public health and safety concerns raised by COVID-19. For all of these reasons, the Court finds that the hearing in this matter cannot be conducted in person without seriously jeopardizing the public health and safety, as well as the safety of the Defendant, counsel, and Court personnel.

The CARES Act further directs that, in order for a criminal hearing to be held via videoconference, the Court must find that the hearing cannot be further delayed without serious harm to the interests of justice. Here, given the Defendant's consent to appearing via videoconference and the necessity for the Court to conduct the criminal proceedings that are awaiting adjudication before it, the Court finds that the change of plea hearing should be held as soon as practicable. Accordingly, the Court specifically finds that further delaying the Defendant's change of plea hearing would pose potential serious harm to the interests of justice.

Considering the Court's above findings, along with the Defendant's consent to proceed with his change of plea hearing via videoconference, as evidenced by his Consent to Proceed By Videoconference, which he and his counsel signed, the Defendant's change of plea hearing will be held via videoconference at the earliest practicable date; the Court shall issue a forthcoming Notice setting the date and time for the hearing.

SO ORDERED, this the 2nd day of July, 2020.

SENIOR U.S. DISTRICT JUDGE